IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PALESTINE COMMUNITY UNIT SCHOOL DISTRICT NO. 3, HUFF ARCHITECTURAL GROUP, INC., CROWN ELECTRIC, INC., TONY GUYER and JANNA GUYER,<br><br>Defendants. | No. 07-cv-720-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to dismiss or, in the alternative, to stay filed by defendants Tony and Janna Guyer (Doc. 14). Defendants Huff Architectural Group ("Huff") and Palestine Community Unit School District No. 3 ("Palestine School District"), as well as plaintiff Harleysville Lake States Insurance Company ("Harleysville") have responded to the motion (Docs. 16, 21 & 19). The Guyers have replied to Harleysville's response (Doc. 22).

**I.  Background**

This case arose under the Declaratory Judgment Act, 28 U.S.C. § 2201, following an incident during the construction of an elementary school for the Palestine School District. The Palestine School District contracted with Huff to provide design and construction services, with defendant Crown Electric, Inc. ("Crown") to provide electrician services and with Music Audio (which is not a party to this case) to install a sound system. Defendant Tony Guyer ("Guyer") worked for Music Audio. Harleysville insured Crown and "additional insureds" under Crown's policy. All parties agree that Palestine School District and Huff fall under the definition of

additional insureds under the policy for the particular incident in question if the incident is covered by the policy.

The complaint alleges that on May 19, 2006, in the course of the elementary school construction work, Palestine School District authorized Guyer to use a lift owned by Crown for his sound system installation work. Crown is alleged to have left the keys in the lift at the construction site. When the lift rolled over a piece of plywood covering a hole in the floor, it tipped and tumbled onto Guyer, seriously injuring him. On February 26, 2007, the Guyers filed a state court suit in Crawford County against Palestine School District, Crown and the general contractor (which is also not a party to this suit) alleging negligence of various sorts. They later amended their complaint to add Huff as a defendant. The only negligent act alleged against Crown was leaving the keys in the lift.

Harleysville agrees that it must defend and indemnify Crown, its insured, but filed this lawsuit under the Declaratory Judgment Act asking the Court to declare that it is not obligated to defend or indemnify Palestine School District or Huff. While it agrees they are in principal "additional insureds" covered by the policy, it argues that the type of bodily injury alleged in the underlying lawsuit is not covered under the policy (Counts I and II). Specifically, under the policy "additional insureds" are covered "only with respect to 'bodily injury' . . . caused in whole or in part by: 1. [Crown's] acts or omissions; or 2. The acts or omissions of those acting on [Crown's] behalf; in the performance of [Crown's] ongoing operations for the additional insured." Alternatively, Harleysville affirmatively alleges that Crown's negligence did not cause liability for Palestine School District or Huff (Count IV).

In addition, with respect to Huff only, Harleysville argues that Huff's work falls under an

exclusion for "professional services" (Count III). Under that provision, coverage is excluded for "'Bodily injury' . . . arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services," of which several examples are listed.

The Guyers filed the pending motion to dismiss or, in the alternative, to stay. They first argue that the Court should dismiss them from the case because no relief is sought from them in Harleysville's complaint. They next argue that a dismissal or stay is appropriate in light of their pending state court action, which will resolve numerous factual issues regarding the incident.

**II. Analysis**

    A.    <u>Motion to Dismiss</u>

The Court will dismiss the Guyers from this lawsuit. The Guyers argue that they should be dismissed because no relief is requested against them. Palestine School District counters by relying primarily on Illinois cases holding that, in Illinois courts, an injured party has an interest in the viability and coverage of the alleged tortfeasor's insurance policy. *See, e.g., M.F.A. Mutual Ins. Co. v. Cheek*, 363 N.E.2d 809 (Ill. 1977). Those cases speak in terms of whether an injured party is a necessary party to a lawsuit between the alleged tortfeasor and its insurer. *Cheek* observes that under Illinois law, injured parties are necessary parties to a declaratory judgment action by the insurer against its insured (the alleged tortfeasor) because they have "a substantial right in the viability of the policy." *Cheek*, 363 N.E.2d at 811. In essence, they must be part of the declaratory judgment action to give them a chance to protect their interests in making sure the alleged tortfeasor has insurance coverage that could pay for their damages. *Cheek* held that a default judgment against the insured in the declaratory judgment action could not defeat the injured parties' claim against the insurer where the injured parties were not joined

3

in the declaratory judgment action. *Id. Allied American Insurance Co. v. Ayala*, 616 N.E.2d 1349 (Ill. Ct. App. 1993), relies on the same reasoning. *Id.* at 1356.

As a preliminary matter, *Cheek* is an Illinois case applying Illinois law. The relevant law in this case is federal law, not state law, so *Cheek* has no precedential value. *See Winklevoss Consultants, Inc. v. Fed. Ins. Co.*, 174 F.R.D. 416, 419 (N.D. Ill. 1997) (citing *Krueger v. Cartwright,* 996 F.2d 928, 931 (7th Cir. 1993)). Federal cases are not so consistent in finding that injured parties are always necessary parties to declaratory judgment actions between alleged tortfeasors and their insurers. For example, in *Fathers of Order of Mount Carmel, Inc. v. National Ben Franklin Insurance Co.*, 697 F. Supp. 971 (N.D. Ill. 1988), the court agreed in principle with *Cheek* in situations where the insurer sued the insured in the declaratory judgment action, but not when the insured sued the insurer. *Id.* at 973. *Winklevoss*, agreed that, at least with respect to the duty to defend, the injured party is not a necessary party when the insured sues the insurer, reasoning that when the insured sues the insurer, the insured has demonstrated it would adequately represent the interests of the injured party. *Winklevoss*, 174 F.R.D. at 417-18. *Winklevoss* held otherwise for the duty to indemnify, noting that an indemnification suit is not ripe until underlying liability is established. *Id.* at 417.

Judge Herndon synthesized the relevant caselaw in *Georgia-Pacific Corp. v. Sentry Select Insurance Co.*, No. 05-cv-826-DRH, 2006 WL 1424678, at *6 (S.D. Ill. May 26, 2006), in the following statement:

> [U]nderlying tort claimants are not necessary parties to a declaratory judgment action regarding an insurer's duty to defend when the action is filed by the *insured*. However, if the declaratory judgment action is filed instead by the *insurer* or involves a determination of insurance coverage or both, then the underlying claimant is considered a necessary party.

4

(emphasis in original). Clearly, under this rule, the Guyers are necessary parties in this lawsuit; it was brought by the insurer and seeks a determination of the duty to indemnify.

However, this case presents an odd situation, for here the necessary injured parties – the ones who ostensibly have an interest in the viability and coverage of Crown's policy – are seeking to get out of this case voluntarily. This is not a huge surprise, for in this case, it is likely the defendants will be covered by some insurance, whether it is their own or Crown's, so there is likely to be a pool of money available for a judgment in the underlying action no matter who prevails in this declaratory judgment action. Thus, the concerns at issue in *Cheek*, *Mount Carmel* and *Winklevoss* are not in issue here. In light of this fact and the Guyers' request to be dismissed from this case, the Court finds that the Guyers have waived any objection to the matters in issue in the declaratory judgment action and may be dismissed from this case. The Guyers must live with the disposition of this case, whatever it may be.

B.    <u>Motion to Dismiss or Stay</u>

The Guyers ask the Court to dismiss or stay this action pursuant to *Brillhart v. Excess Insurance Company*, 316 U.S. 491 (1942). *Brillhart* sets forth an abstention doctrine applicable to Declaratory Judgment Act cases where there are related state court proceedings. *Brillhart* held that a federal court may decline to exercise jurisdiction over a declaratory judgment claim when another proceeding in state court would fully adjudicate all the matters in controversy in that claim. *Brillhart*, 316 U.S. at 494-95. *Brillhart* stated:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

5

*Brillhart* at 495. When deciding whether to exercise jurisdiction over a declaratory judgment claim, a federal court should consider a variety of factors, including but not limited to

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). In *Wilton v. Seven Falls Company*, 515 U.S. 277, 289 (1995), the Supreme Court confirmed that abstention decisions in declaratory judgment actions continue to be governed by *Brillhart*.

The Court will exercise its discretion to stay the portions of this suit seeking a declaration regarding the duty to indemnify Palestine School District and Huff. The duty to indemnify will not be ripe for adjudication until it is determined whether Palestine School District or Huff is liable to the Guyers. *See Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) (citing *Zavalis*, 52 F.3d at 693). Since that threshold determination involves state law causes of action and is already proceeding against the potential tortfeasors in state court, a forum better suited to decide state law issues efficiently, the Court believes it is appropriate to stay the portion of this case regarding the duty to indemnify until the state case is finally resolved.

The Court will not, however, exercise its discretion to stay the portion of this case seeking a declaration regarding the duty to defend Palestine School District and Huff. The duty to defend is ripe if an underlying lawsuit is pending that implicates that duty. *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587, 589 (7th Cir. 1970); *see Lear Corp.*, 353 F.3d at 583. In

such a case, the obligation to defend does not turn on the outcome of the underlying case but is triggered by the mere opportunity to defend, which can usually be determined from the face of the state court complaint. *Zavalis*, 52 F.3d at 693-94. This question of the obligation to defend is, of course, not at issue in the Guyers' state court suit, where Harleysville is not a party. Consequently, it must be resolved in this forum. There is no reason to delay this decision until the state court suit is resolved, for the duty to defend, if at all, must occur during that litigation.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the Guyers' motion to dismiss or, in the alternative, to stay (Doc. 14). The Court **GRANTS** the motion to the extent it seeks to dismiss the Guyers from this suit and to stay the determination of Harleysville's duty to indemnify Palestine School District and Huff. The Guyers are terminated from this case. The Court **DENIES** the motion to the extent it seeks to dismiss or stay the determination of Harleysville's duty to defend Palestine School District and Huff. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**Dated this 24th day of April, 2008.**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **UNITED STATES DISTRICT JUDGE**